UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAWN WILKINS,

    Petitioner,

- *against* -

ROBERT A. KIRKPATRICK,

    Respondent.

06 Civ. 2151 (SCR)(LMS)

**REPORT AND RECOMMENDATION**

---

TO: THE HONORABLE STEPHEN C. ROBINSON,
    UNITED STATES DISTRICT JUDGE

Pro Se petitioner Shawn Wilkins (herein, "Petitioner") filed this petition for a writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act (herein, "AEDPA"), 28 U.S.C. §2254, challenging his convictions for Assault in the First Degree and for Criminal Possession of a Weapon in the Fourth Degree on four independent grounds. See Docket # 1, Petition for Writ of Habeas Corpus (herein, "Petition") at ¶4. A jury in Orange County, New York found the Petitioner guilty of these crimes on June 12, 2001. See Docket # 4, Affirmation in Opposition to a Petition for a Writ of Habeas Corpus (herein, "Resp. Aff.") at ¶2-3. Petitioner enumerates denial of effective assistance of counsel, failure of the trial court to provide the jury with a meaningful response to an interrogatory note, and prosecutorial misconduct as the grounds upon which this court should grant his petition. See Petition at ¶9(d)(1)-(4). Petitioner is currently serving a term of eighteen years imprisonment for both counts. See Petition at p. 2.

In Opposition to the instant habeas petition, Respondent Francis D. Phillips, District Attorney of Orange County (herein, "Respondent"), submits that the Petitioner has failed to

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAWN WILKINS,

    Petitioner,

- *against* -

ROBERT A. KIRKPATRICK,

    Respondent.

06 Civ. 2151 (SCR)(LMS)

**REPORT AND RECOMMENDATION**

TO:   THE HONORABLE STEPHEN C. ROBINSON,
      UNITED STATES DISTRICT JUDGE

Pro Se petitioner Shawn Wilkins (herein, "Petitioner") filed this petition for a writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act (herein, "AEDPA"), 28 U.S.C. §2254, challenging his convictions for Assault in the First Degree and for Criminal Possession of a Weapon in the Fourth Degree on four independent grounds. See Docket # 1, Petition for Writ of Habeas Corpus (herein, "Petition") at ¶4. A jury in Orange County, New York found the Petitioner guilty of these crimes on June 12, 2001. See Docket # 4, Affirmation in Opposition to a Petition for a Writ of Habeas Corpus (herein, "Resp. Aff.") at ¶2-3. Petitioner enumerates denial of effective assistance of counsel, failure of the trial court to provide the jury with a meaningful response to an interrogatory note, and prosecutorial misconduct as the grounds upon which this court should grant his petition. See Petition at ¶9(d)(1)-(4). Petitioner is currently serving a term of eighteen years imprisonment for both counts. See Petition at p. 2.

In Opposition to the instant habeas petition, Respondent Francis D. Phillips, District Attorney of Orange County (herein, "Respondent"), submits that the Petitioner has failed to

1

comply with the one year statute of limitations governing habeas corpus petitions codified at 28 U.S.C. §2244(d)(1) and that the petition should be dismissed as untimely. See Docket # 5, Memorandum of Law in Opposition to Petition for Habeas Corpus (herein, "Resp. Opp.") at p. 7-9. Respondent argues in the alternative that the Petitioner's claims either are procedurally barred or are without merit. See Resp. Opp. at p.1

For the following reasons, I conclude, and respectfully recommend that Your Honor conclude, that the Petitioner's petition for a writ of habeas corpus should be dismissed as untimely.

## BACKGROUND

A.  Facts

The following brief facts are drawn from the Petitioner's Petition, the Respondent's Opposition, and the transcript of the Petitioner's state court proceeding.

1.  Underlying Crime and Petitioner's Trial

On July 29, 2000, Kenyon Nolcox and three friends were socializing in the neighborhood of Gidney and Chambers Streets in Newburgh, New York. See Docket # 8 Transcript (herein, "Transcript 1") at p. 41-42, 109. After consuming marijuana, PCP, and several beers, Nolcox and his companions ventured to a liquor store in the vicinity of South Street and Chambers Street to purchase more alcohol in the early morning hours. Id. at p. 42, 70-71, 109. Petitioner approached Nolcox outside of the liquor store, struck Nolcox in the head with an object resembling a baseball bat, and fled the scene. Id. at p. 43-45, 110. Nolcox sustained a fractured orbital, a fractured left wrist, and a partial loss of vision, and remained hospitalized for one week following the attack. Id. at p. 64-66. On August 18, 2000, following his release from the

hospital, Nolcox provided police with a written statement of the incident. Id. at p. 71, 80-82, 85, 102-105.

On February 3, 2001, local authorities arrested Petitioner for striking Kenyon Nolcox with a blunt object. See Resp. Aff. at ¶2. On February 14, 2001, a grand jury sitting in Orange County indicted the Petitioner on charges of Assault in the First Degree, see N.Y. Penal Law § 120.10(1), and of Criminal Possession of a Weapon in the Fourth Degree, see N.Y. Penal Law § 265.01(2). See Resp. Aff. at ¶2. Petitioner appeared before the County Court, County of Orange, on February 15, 2001, and entered a plea of not guilty. See Resp. Aff. at ¶3. Petitioner's jury trial commenced on June 6, 2001, and the jury returned a guilty verdict on both counts of the indictment on June 12, 2001. Id. Petitioner filed a motion to set aside the verdict on June 27, 2001, which the County Court denied on September 26, 2001. Id. On October 1, 2001, the County Court sentenced Petitioner to eighteen years imprisonment for the assault conviction and to one year of imprisonment for the weapons possession conviction, each to run concurrently, and also imposed a term of five years of supervised release. Id.

2.  Post Trial Proceedings

Petitioner timely appealed his criminal conviction to the Appellate Division, Second Department, on October 10, 2003. See Petition at ¶¶8-9; Resp. Aff. at ¶4. The Appellate Division affirmed the Petitioner's conviction on November 3, 2003. People v. Wilkins, 1 A.D.3d 390 (2d Dep't 2003); Petition at ¶9(b). On December 12, 2003, Petitioner requested leave to appeal the Appellate Division's decision to the New York Court of Appeals. See Resp. Aff. at ¶4; Petition at ¶9(e). The Court of Appeals denied Petitioner's request for leave to appeal on January 23, 2004. People v. Wilkins, 1 N.Y.3d 603 (2004); Resp. Aff. at ¶4. Petitioner did not

3

seek review in the United States Supreme Court by way of a petition for a writ of certiorari. See Resp. Opp. at p. 7.

On March 8, 2005, Petitioner filed a motion to vacate the judgment against him in Orange County Court under N.Y. Crim. Proc. Law § 440.10. See Resp. Aff. at ¶5; Petition at ¶11. Petitioner argued that his criminal conviction should be vacated because of the ineffective assistance of trial counsel and also because of prosecutorial misconduct. See Resp. Aff. at ¶5; see also Docket #6, Respondent's Record of Exhibits (herein, "Resp. Exhibits"), Ex. 11, Petitioner's 440.10 Motion. The County Court denied Petitioner's 440.10 motion to vacate the judgment in August of 2005.[1] Id. Petitioner filed for leave to appeal the denial of his 440.10 motion with the Appellate Division, Second Department on September 23, 2005, pursuant to N.Y. Crim. Proc. Law §450.15 and §460.15. See Resp. Exhibits, Ex. 15. On December 1, 2005, the Appellate Division denied Petitioner's application seeking leave to appeal the Orange County Court's denial of his 440.10 motion. Id.

3.  Federal Habeas Corpus Petition

Petitioner signed and submitted his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 14, 2006. See Petition at p. 11. The Clerk's office filed stamped his Petition as received on March 20, 2006. Id. at p. 2.

---

1   The decision of the Orange County Court does not contain the precise date when it was rendered. Petitioner notes that the date of this decision was August 24, 2005. See Petition at ¶11(a)(6). The Appellate Division's denial of Petitioner's request for leave to appeal this decision notes the date of this decision as August 22, 2005. See Resp. Exhibits, Ex. 15. For the reasons discussed infra, however, the precise date on which the Orange County Court rendered this decision does not impact the Court's analysis because the Petitioner's state post-conviction application remained pending under 28 U.S.C. §2244(d)(2) until the Appellate Division, Second Department denied the Petitioner leave to appeal the state court's denial of his 440.10 motion.

4

Petitioner raises several grounds in support of his petition for habeas corpus relief, including ineffective assistance of counsel, failure of the trial court to provide the jury with a meaningful response to an interrogatory note, and prosecutorial misconduct. See Petition at ¶12. In Opposition, Respondent argues that the petition is time barred by the one year statute of limitations codified at 28 U.S.C. §2244(d)(1), that Petitioner's claim of ineffective assistance of counsel is without merit, that Petitioner's challenge to the court's response to the jury note is procedurally barred and without merit, and that Petitioner's prosecutorial misconduct claim is also procedurally barred and without merit. See Resp. Opp. at pp. 7, 10, 18, 26.

For the following reasons I conclude, and respectfully recommend that Your Honor conclude, that Petitioner's petition for a writ of habeas corpus fails to comply with AEDPA's one year statute of limitations and that his petition should be dismissed as untimely.

## DISCUSSION

A. <u>Habeas Corpus Statute of Limitations</u>

A petitioner seeking habeas corpus relief in federal court has one year to file his or her petition for a writ of habeas corpus. See 28 U.S.C. §2244(d)(1). This one year statute of limitations period usually commences on the date that the petitioner's state court criminal conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. §2244(d)(1)(A). Direct review of a state court criminal conviction includes the ninety day period within which a petitioner may file a petition for a writ of certiorari in the United States Supreme Court. See Pratt v. Greiner, 306 F.3d 1190, 1195 n.1 (2d Cir. 2002); Warren v. Garvin, 219 F.3d 111, 112 (2d Cir. 2000).

The one year statute of limitations for filing a habeas corpus petition is tolled while "a

5

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." See 28 U.S.C. §2244(d)(2). A state court post-conviction application must be filed properly under a state's procedural rules in order to invoke the tolling provision of §2244(d)(2). See Allen v. Siebert, 128 S. Ct. 2, 3 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 414, 417 (2005)). "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8-9 (2000); see also Pratt, 306 F.3d at 1192. The Second Circuit has made clear that this analysis does not include a merits-based review of the claims raised by the petitioner in his or her state post-conviction application and that a district court should only assess whether a petitioner complied with the state's procedural requirements for filing a proper state post-conviction application. See Pratt, 306 F.3d at 1192-93 (rejecting suggestion that grounds raised by a petitioner in a state post-conviction motion can render such an application improperly filed under §2244(d)(2)).

Section 2244(d)(2)'s tolling period includes the entire time a properly filed state post-conviction application is pending. See Carey v. Saffold, 536 U.S. 214, 220 (2002); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002). Section 2244 tolling, however, "does not reset the date from which the one year statute of limitations begins to run." Bethea, 293 F.3d at 578 (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). "The time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 191 (2006) (citing Carey, 536 U.S. at 219-21); see also Geraci v. Senkowski, 211 F.3d 6, 9 (2d Cir. 2000) (quoting

6

Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999)). Under New York law a petitioner may seek leave to appeal a trial court's denial of his or her 440.10 post-conviction motion from the appropriate Appellate Division. See N.Y. CPL §450.15; 460.15. A petitioner, however, may not seek leave to appeal the denial of such leave from the New York Court of Appeals. See Klein v. Harris, 667 F.2d 274, 283-84 (2d Cir. 1981); Foster v. Phillips, 03 Civ. 3629 (MBM)(DF), 2005 WL 2978686, at *4 (S.D.N.Y. Nov. 7, 2005) ("with respect to achieving 'final review' of a Section 440.10 motion, the denial of such a motion can be appealed only to the Appellate Division; no appeal to the New York Court of Appeals lies from an order denying a motion for leave to appeal to the Appellate Division."). Thus, for purposes of calculating the tolling provision of §2244(d)(2), AEDPA's one year statute of limitations is tolled from the date a petitioner files his or her 440.10 motion until the date the Appellate Division denies the petitioner leave to appeal that decision. See Collins v. Artus, 496 F. Supp. 2d 305, 312 (S.D.N.Y. 2007) ("In the case of a motion to vacate a conviction under C.P.L. §440.10, the statute of limitations is tolled from the date the motion is filed to the date it is decided by the trial court, as well as during the pendency of an application for leave to appeal from the trial court's denial of that motion.").

In certain instances a petitioner who fails to file a habeas corpus petition within AEDPA's one year statute of limitations may be entitled to the equitable tolling of the statute of limitations. See, e.g., Diaz v. Kelly, 515 F.3d 149, 135 (2d Cir. 2008) (discussing Second Circuit case law addressing equitable tolling of AEDPA's one year statute of limitations). Although the Supreme Court has not determined whether 28 U.S.C. §2244 allows for equitable tolling, the Supreme Court has explained that a petitioner would have to demonstrate " '(1) that he [or she] has been

7

pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way and prevented timely filing,' " if equitable tolling of the statute of limitations was available. Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (quoting Pace, 544 U.S. at 418).

B.  Timeliness of the Instant Habeas Corpus Petition

Respondent maintains that Petitioner did not file his habeas corpus petition within the one year statute of limitations prescribed by 28 U.S.C §2244(d)(1). For the following reasons I conclude, and respectfully recommend that Your Honor conclude, that the time between the date the Petitioner's conviction became final and the date the Petitioner filed the instant petition, taking into consideration the effects of the tolling of the statute of limitations under §2244(d)(2), is more than one year and that therefore the Petitioner's petition is untimely under §2244(d)(1).

The New York Court of Appeals denied Petitioner's application for leave to appeal the decision of the Appellate Division, Second Department on January 23, 2004. See Wilkins, 1 N.Y.3d 603 (2004); see also Resp. Exhibits, Ex. 10. Petitioner's conviction, therefore, became final on direct review on April 22, 2004, which is ninety days after the New York Court of Appeals denied Petitioner's request for leave to appeal and which is when the Petitioner's opportunity to file a petition for a writ of certiorari in the United States Supreme Court expired. See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Section 2244(d)(1)(A)'s commencement of the one year statute of limitations, therefore, began on April 22, 2004. See Pratt, 306 F.3d at 1195. Under this initial computation of the statute of limitations, and absent any tolling under §2244(d)(2), the Petitioner had one year, or until April 22, 2005, to file the instant petition. Id.

8

On March 8, 2005, Petitioner signed and dated his 440.10 motion to vacate the judgment against him. See Resp. Aff. at ¶5; Resp. Exhibits, Ex. 11. Pursuant to 28 U.S.C §2244(d)(2)'s tolling provision, this request for state post-conviction review began the tolling of the one year statute of limitations. Respondent argues that tolling under §2244(d)(2) began on March 31, 2005, the date this motion was filed with the Orange County Court. See Resp. Opp. at pp. 7-8. Respondent bases this contention on the New York Court of Appeals' decision in Grant v. Senkowski, 95 N.Y.2d 605 (2001), in which the Respondent contends that New York's highest court held that there is no *pro se* mailbox rule governing the filing of documents under New York law. See id. at 609 (explaining that documents are deemed filed upon the actual receipt of the documents by the Clerk of the Court).

This rule governing the filing of papers that commence an action under New York state law, however, has not been followed by the courts of this Circuit when assessing when a state post-conviction proceeding has been commenced for the purposes of tolling AEDPA's one year statute of limitations under 28 U.S.C. §2244(d)(2). See Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005) (applying federal mail box rule to determination of when state post-conviction application was filed for tolling purposes under §2244(d)(2)). The federal mail box rule governing the filing of documents in federal court, and also governing the filing of documents in state court for the purposes of §2244 tolling under the decision in Fernandez, emanates from the Supreme Court's decision in Houston v. Lack, 487 U.S. 266, 276 (1988), in which the Supreme Court established that a prisoner's notice of appeal from a United States District Court to a United States Court of Appeal is considered filed when delivered to a prison official. The Fernandez court reasoned that applying this federal timing rule to the filing of papers in state

9

court for the purposes of calculating a federal statute of limitations was consonant with the principles of comity and federalism embodied within AEDPA's substantive provisions and also with the federal court's responsibility to interpret and apply federal law. See 402 F.3d at 115-16.

March 8, 2005, the date the Petitioner dated and signed his 440.10 motion and has sworn that he mailed that motion, therefore initiates the tolling of the statute of limitations under 28 U.S.C. §2244(d)(2). At this point in time three hundred and nineteen days had elapsed since the Petitioner's conviction became final on April 22, 2004, under §2244(d)(1)(A). As of this date, therefore, Petitioner had forty-six days remaining in which he could timely file his federal habeas corpus petition in this Court once his state post-conviction proceeding was complete. See id. ("the term 'pending' marks the end point, when the state court ultimately decides the prisoner's case.") (citation omitted).

The Orange County Court denied Petitioner's application for an order vacating the judgment in his case in August of 2005. Respondent suggests that the tolling period ended at this point in time, and sets August 31, 2005, as the date on which the statute of limitations resumed. See Resp. Opp. at p. 8. This calculation, however, overlooks the Supreme Court and Second Circuit precedent discussed supra that instructs that a state post-conviction application remains pending for the purposes of §2244(d)(2) tolling until all the available state post-conviction procedures have been resolved. See supra at pp. 6-7. The tolling of the one year statute of limitations, therefore, continued through and until the Appellate Division, Second Department denied Petitioner's request for leave to appeal the denial of his 440.10 motion on December 1, 2005. See Collins, 496 F. Supp. 2d at 312.

Following the Appellate Division, Second Department's denial of Petitioner's request for leave to appeal the denial of his 440.10 motion on December 1, 2005, the one year statute of limitations period resumed running. As calculated above, Petitioner had forty-six days, or until January 16, 2006, to file a timely petition for a writ of habeas corpus in this Court. Petitioner, however, signed and submitted the instant petition for writ of habeas corpus on March 14, 2006, almost two months after §2244(d)(1)(A)'s one year statute of limitations expired. See Petition at p. 11 and attached Affidavit of Service.

Under this clear application of federal law, affording the Petitioner the most favorable calculation and tolling of the statute of limitations allowed under controlling Supreme Court and Second Circuit authority, I conclude, and respectfully recommend that Your Honor conclude, that the instant petition should be dismissed as untimely. Additionally, the Petitioner has offered no argument in support of why this Court should consider whether equitable tolling of the statute of limitations is appropriate in this case.

## CONCLUSION

For the above stated reasons I conclude, and respectfully recommend that Your Honor conclude, that the Petitioner's petition for a writ of habeas corpus, Docket number 1, should be dismissed as untimely and that the Court need not reach the other grounds the Respondent raises in Opposition to the instant Petition.

As the Petitioner has not made a substantial showing of the denial of any constitutional right, I conclude, and respectfully recommend that Your Honor should conclude, that a certificate of appealability should not issue in this case. See Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds, United States v. Perez, 129 F.3d 255, 259-60 (2d

Cir. 1997). I also conclude that the Court should certify pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(e), or a total of thirteen (13) working days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated: 6/9/08, 2008
White Plains, New York

Respectfully Submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:
The Honorable Stephen C. Robinson, U.S.D.J.
Petitioner, *pro se*, and Counsel of Record for Respondent