UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAWN WILKINS,

      Petitioner,

  v.

ROBERT A. KIRKPATRICK,

      Respondent.

06 Civ. 2151 (SCR)(LMS)

MEMORANDUM ORDER
ADOPTING REPORT AND
RECOMMENDATION

**STEPHEN C. ROBINSON, United States District Judge:**

  Shawn Wilkins ("Petitioner"), proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, challenging his convictions for Assault in the First Degree and for Criminal Possession of a Weapon in the Fourth Degree. Petitioner was convicted of these crimes on June 12, 2001. The Appellate Division, Second Department, affirmed the conviction. *People v. Wilkins*, 1 A.D.3d 390 (2d Dep't 2003); Petition at ¶ 9(b); Resp. Aff. at ¶ 4. The Court of Appeals denied Petitioner leave to appeal. *People v. Wilkins*, 1 N.Y.3d 603 (2004); Petition at ¶ 9(e); Resp. Aff. at ¶ 4. Petitioner subsequently moved to vacate the judgment against him pursuant to New York Criminal Procedure Law § 440.10. *See* Petition at ¶ 11; Resp. Aff. at ¶ 5. The County Court denied Petitioner's 440 motion and the Appellate Division denied Petitioner leave to appeal the denial of the 440 motion. *See id.* Petitioner now petitions this Court for habeas relief based on claims of ineffective assistance of counsel, the trial court's failure to provide the jury with a meaningful response to an interrogatory note, and prosecutorial misconduct. *See* Petition at ¶ 12. Petitioner is currently serving a term of eighteen years imprisonment. *See id.* at ¶¶ 2-3.

This Court referred the petition to Magistrate Judge Lisa M. Smith to issue a Report and Recommendation. Judge Smith issued the Report and Recommendation on June 9, 2008, advising this Court to dismiss the petition as untimely since Petitioner did not comply with the one year statute of limitations governing habeas corpus petitions, codified at 28 U.S.C. § 2244(d)(1). As Judge Smith explicitly noted at the end of the Report and Recommendation, under 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(d) (formerly Rule 6(e)) of the Federal Rules of Civil Procedure, the parties had a right to file written objections to the Report and Recommendation within thirteen working days from June 9, 2008. Petitioner requested and this Court granted an extension of Petitioner's time to file his objections until July 24, 2008. Petitioner filed objections to the Report and Recommendation on July 23, 2008.

For the reasons set forth below, this Court adopts Judge Smith's Report and Recommendation in its entirety and dismisses Petitioner's habeas corpus petition.

## I.  STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to." FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "[O]bjections to a Report and Recommendation 'are to be specific and are to address only those portions of the proposed findings to which the party objects.'" *Kirk v. Burge*, No. 07 Civ. 7467, 2009 WL 438054, at *1 (S.D.N.Y. Aug. 6, 2009) (citing *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992)). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases).

## II. DISCUSSION

### a. Objections to the Report and Recommendation

Petitioner objects that, as a matter of law, Judge Smith should not have included weekends and holidays in computing the statute of limitations for Petitioner's habeas corpus petition. *See* Obj. at pp. 5-6. Petitioner also claims that his attempts to procure a letter from his trial counsel regarding counsel's ineffectiveness at trial warrant tolling the AEDPA statute of limitations. *See id.* at p. 6. Judge Smith's Report and Recommendation did not address the merits of these two issues. Accordingly, this Court will address these two issues *de novo*.

The remainder of Petitioner's objections do not warrant *de novo* review by this Court. These objections respond to the arguments previously raised by Respondent that Petitioner's claims are procedurally barred and without merit. *See* Obj. at pp. 2-4. However, Judge Smith decided that Petitioner's habeas corpus petition should be dismissed as untimely and therefore did not reach the questions of whether Petitioner's claims are procedurally barred or without

merit. Thus, Petitioner's objections regarding these arguments fail to raise any issues of material fact or law that may have been erroneously considered in the Report and Recommendation.

Finally, this Court needs only review the uncontested portions of the Report and Recommendation for clear error.

### b. Inclusion of Weekends and Holidays in Computing the AEDPA Statute of Limitations

Petitioner objects that Judge Smith should not have included weekends and holidays in computing the statute of limitations for Petitioner's habeas corpus petition. *See* Obj. at pp. 5-6. There is no rule explicitly addressing how to compute weekends and holidays in federal habeas corpus actions, therefore, the Federal Rules of Civil Procedure apply. Rule 11, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Rule 6(a) of the Federal Rules of Civil Procedure provides that computations shall "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days." FED. R. CIV. P. 6(A).

A petitioner seeking habeas corpus relief in federal court has one year to file his petition for writ of habeas corpus.[1] *See* 28 U.S.C. § 2244(d)(1). "Because the AEDPA limitations period is one year, 'Rule 6(a) does not permit the exclusion of weekends or holidays from its calculation.'" *See Cardona v. Quarterman*, No. 3-08-CV-1340-K, 2008 WL

---

[1] This one year statute of limitations may be tolled under certain circumstances. Here, the statute of limitations was tolled while Petitioner timely appealed his criminal conviction to the Appellate Division, requested leave to appeal the Appellate Division's decision to the New York Court of Appeals, moved to vacate the judgment against him pursuant to New York Criminal Procedure Law § 440.10, and requested leave to appeal the denial of his 440 motion to the Appellate Division. This tolling does not affect the question of whether Judge Smith properly included weekends and holidays in computing the statute of limitations and therefore is reviewed only for clear error. *See supra* Part II(d).

5232289, at *2 (N.D.Tex. Dec. 10, 2008) (citing *Brooks v. Olivarez*, No. C 98-134, 1998 WL 474160, at *2 (N.D.Cal. Aug. 5, 1998). Thus, Judge Smith correctly computed the statute of limitations by including weekends and holidays. The statute of limitations expired on January 16, 2006, and thus Petitioner's habeas corpus petition, submitted on March 14, 2006, is not timely.

### c. Equitable Tolling of the AEDPA Statute of Limitations

In his objections, Petitioner asserts that his attempts to procure a letter from trial counsel regarding counsel's ineffectiveness at trial warrant tolling the AEDPA statute of limitations. *See* Obj. at p. 6. In certain instances, a petitioner who fails to file a habeas corpus petition within AEDPA's one year statute of limitations may be entitled to the equitable tolling of the statute of limitations. *See, e.g., Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity. *See Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996). To warrant equitable tolling, a petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Diaz*, 515 F.3d at 153. The Second Circuit has cautioned federal district courts that the equitable tolling of AEDPA's statute of limitations "applies only in . . . rare and exceptional circumstance[s]." *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001). The burden is on the petitioner to demonstrate the existence of such extraordinary circumstances. *See Ortiz v. Senkowski*, No. 01 Civ. 2402, 2001 WL 1267178, at *2 (S.D.N.Y. Oct. 22, 2001).

Although it is clear that Petitioner has diligently pursued his rights, nothing in the record suggests that Petitioner was prevented from timely commencing this action by any "extraordinary circumstance." Petitioner asserts that his efforts to procure a letter from his trial counsel detailing the insufficiencies in counsel's representation delayed Petitioner's filing of his habeas corpus petition. *See* Obj. at p. 6. However, even if Petitioner "did not have all the necessary materials or experienced a delay in obtaining them, those are not extraordinary circumstances warranting equitable tolling." *See Padilla v. United States*, Nos. 02 Civ. 1142, 94 Cr. 313, 2002 WL 31571733, at * 4 (S.D.N.Y. Nov. 19, 2002). Further, Petitioner has not provided any evidence regarding his attempts to obtain the letter or how the delay in obtaining the letter constitute an extraordinary circumstance. *See id.* (noting that it is "impossible" for the court to assess the validity of petitioner's claim that his habeas corpus petition was hindered by his delayed access to documents without knowing what materials petitioner sought, the length of or reason for the delay, petitioner's efforts to obtain the documents, and how petitioner's ability to file his petition was hindered by delayed access to the documents). Accordingly, this Court does not find that Petitioner's explanation, without more, rises to a level of extraordinary circumstances justifying equitable tolling.

### d. Remaining Objections

Petitioner's remaining objections fail to address any legal rule, analysis, or characterization of material facts in Judge Smith's Report and Recommendation. Therefore, this Court has reviewed the remainder of the Report and Recommendation for clear error only and has determined that there is no clear error on the face of the record.

–7–

## III.   CONCLUSION

This Court has reviewed Judge Smith's thorough and well-reasoned Report and Recommendation and adopts Judge Smith's findings in their entirety. Accordingly, Petitioner's petition for habeas corpus is dismissed. The Clerk of the Court is directed to close the case.

*It is so ordered.*

Dated: White Plains, New York

_November 4_, 2009

Stephen C. Robinson, U.S.D.J.